THOMPSON BROS. LUMBER CO. v. TOLER.

(Court of Civil Appeals of Texas. Galveston. Nov. 21, 1912.)

1. PUBLIC LANDS (§ 175*)—LOCATION UNDER CERTIFICATE—OPERATION AND EFFECT.

In 1838 a conditional certificate for 640 acres of land was issued to K., and located by him in R. county. An unconditional certificate was afterwards issued to him and located in P. county subsequent to the passage of the act of August 30, 1856 (Laws 1856, c. 145, § 2; Rev. St. 1895, art. 4134). The field notes of the surveys for both locations were duly returned to and filed in the Land Office. Subsequently a duplicate certificate was issued, reciting the loss of the unconditional certificate, and under this certificate the land in controversy was located. There was no evidence of any abandonment of the location in R. county. Held, that the first location exhausted the right of the holder to appropriate public land, and the subsequent locations were void.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 555–570; Dec. Dig. § 175.*]

2. PUBLIC LANDS (§ 175*)—LOCATION UNDER CERTIFICATE—OPERATION AND EFFECT.

The issuance of such unconditional and duplicate certificates was not a judicial determination of the abandonment of the original location and of the holder's right to make a new location; the right to the unconditional and duplicate certificates not being dependent on the abandonment of the original location.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 555–570; Dec. Dig. § 175.*]

3. PUBLIC LANDS (§ 175*)—LOCATION UNDER CERTIFICATE—OPERATION AND EFFECT.

Even if the location under the original certificate was abandoned, the location under the duplicate certificate was void, since, that made under the unconditional certificate in P. county being valid, the act of 1856 (Laws 1856, c. 145, § 2; Rev. St. 1895, art. 4134) expressly prohibited the lifting or floating of the certificate and its subsequent location upon other land.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 555–570; Dec. Dig. § 175.*]

4. PUBLIC LANDS (§ 175*)—LOCATION UNDER CERTIFICATE—OPERATION AND EFFECT.

A location under a land certificate by the administrator of the original holder who had transferred it was not void, but inured to the benefit of the transferee.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 555–570; Dec. Dig. § 175.*]

Appeal from District Court, Tyler County; W. B. Powell, Judge.

Trespass to try title by the Thompson Bros. Lumber Company against W. C. Toler. Judgment for defendant, and plaintiff appeals. Affirmed.

J. A. Mooney and J. J. Goodwin, both of Woodville, for appellant. Joe W. Thomas, of Woodville, for appellee.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellants against appellee to recover a tract of 141.5 acres of land in Tyler county, located by virtue of a duplicate certificate issued to George Kisner on February 5, 1861. The defendants answered by general demurrer, general denial, plea of not guilty, and plea of limitation of three years.

The record shows that on August 3, 1838, a conditional certificate for 640 acres of land was issued by the republic of Texas to George Kisner. This certificate was No. 821, and designated class 2. It was returned to the Land Office on August 27, 1851. George Kisner by written transfer of date March 20, 1837, conveyed this certificate and all his rights thereunder to John Bone. This transfer is on file in the General Land Office. On July 31, 1839, the certificate was located on 640 acres of land in Robertson county, and the field notes of the survey, duly certified

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

by the surveyor on August 24, 1839, and by the county surveyor of Robertson county on April 2, 1840, were thereafter returned to the Land Office. An unconditional certificate for 640 acres was issued to George Kisner on December 2, 1850. The administrator of the estate of George Kisner, deceased, located this unconditional certificate on 640 acres of land in Palo Pinto county on May 17, 1857. The field notes of this survey were certified by the surveyor on June 5, 1851, and were returned to and filed in the Land Office on September 12, 1857. The following duplicate certificate issued by Francis M. White, Commissioner, with the indorsements thereon is on file in the General Land Office:

"The Conditional No. 821 Harris Co. Duplicate Certificate. No. 14/97. Class 2nd. Quantity 640 acres. General Land Office. Austin, February 5th, 1861. This is to certify that satisfactory evidence having been produced of the loss of unconditional headright certificate No. 973, class second, issued by the Board of Land Commissioners of Harris County to George Kisner for 640 acres of land, dated the 2nd day of December, 1850. This duplicate therefore will entitle the said George Kisner to all the benefits granted in said Unconditional Headright Certificate. In testimony whereof I hereunto set my hand and affix the impress of the seal of said office the date first above written. Francis M. White, Commissioner. [Seal.]"

(1) "Filed 117 Liberty 2nd Class. 320 acres located in Hardin county. Dup. Uncondl. Cert. 640. Wm. Word, Surveyor of Hardin county. George Kisner. Filed Sept. 5/62."

In March, 1862, the unlocated balance of this duplicate certificate was located on the 141.5 acres of land in controversy. The field notes of this survey were certified by the surveyor on March 4, 1862, and were filed in the Land Office on September 5, 1862. Appellants claim title under John Bone by virtue of this location. It is not shown that a patent was issued upon any of these locations. On May 22, 1907, the land in controversy was sold by the state and patented to Joe W. Thomas. Appellee holds the Thomas title. Upon this state of the evidence the trial court instructed the jury to find a verdict for the defendant, and upon the return of such verdict judgment was rendered in accordance therewith.

Upon this evidence we think the trial court was correct in holding that the location upon the land in controversy under the duplicate certificate did not show title in appellants for the reason that the prior locations under this certificate had exhausted the right of the holder of said duplicate certificate to appropriate public land thereunder.

[1] Prior to the act of August 30, 1856 (Laws 1856, c. 145, § 2; art. 4134 of the Revised Statutes 1895), the right of the holder of a certificate to "lift" or "float" it after it had once been located, and relocate it on other land, seems to have been recognized by our Supreme Court, but that act expressly prohibits the floating of a certificate after location except in cases in which the location was in conflict with a prior survey. After the passage of this act, the owner of a valid land certificate which had been located on unappropriated public domain, the land properly surveyed, and the field notes and certificate returned to and filed in the General Land Office had no right to appropriate other land under that certificate. In such case the owner of the certificate could not abandon the land first located, and acquire other land under the same certificate. Adams v. Railway Co., 70 Tex. 252, 7 S. W. 729. There is nothing in the evidence in this case to show the abandonment of the original location in Robertson county. The original certificate under which this location was made and the field notes of the survey were returned to the Land Office as required by law and said certificate, so far as the record shows, has remained in the Land Office continuously since it was returned there in 1851, and it cannot be presumed, in the absence of any evidence of that fact, that the certificate was withdrawn from the Land Office and lifted or floated prior to the passage of the act before mentioned.

[2] Appellants' contention that the issuance of the unconditional certificate in 1850 and of the duplicate certificate in 1861 was a judicial determination of the abandonment of the original location and of the right of the holder of the duplicate certificate to locate the same upon any unappropriated public domain is without merit. Neither the right to the unconditional certificate nor the right to a duplicate thereof, the original being lost, in any way depended upon whether or not the original conditional certificate had been lifted and the location thereunder abandoned, and therefore the finding of the commissioner that the unconditional certificate and the duplicate thereof should issue was not an adjudication of the right of the holder of said certificate to appropriate other land thereunder in lieu of that located under the original certificate.

[3] If the evidence was sufficient to show that the original certificate was lifted and the location made thereunder in Robertson county abandoned, the location in Palo Pinto county made after the passage of the act of 1856 appears to have been made in accordance with law and proper returns made to the Land Office. Such being the case, that location exhausted the right of the holder of the certificate to appropriate other public land thereunder, and the subsequent location upon the land in controversy under the duplicate certificate was void.

[4] The fact that the location in Palo Pinto county was made by the administrator of the estate of Kisner when the certificate had been sold by Kisner and the estate had no title thereto did not render the location void, but such location would inure to the benefit of the owner of the certificate, and there is no evidence tending to show that the owner of the certificate did not acquire title to said land under that location.

What we have said disposes of all of the questions presented by appellants' brief. We have not discussed the various assignments of error in detail, but each of them has been duly considered, and none in our opinion should be sustained.

We think the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.